2  920
44 946

## FRIEDLANDER *v.* MYERS.

An affidavit for an attachment, which states that the defendant "is justly indebted to plaintiff in the sum of (mentioning the amount) for services rendered and to be rendered by deponent as clerk, part due, and a part of said sum not due; and that deponent verily believes said defendant has left the State to reside permanently out of it," is insufficient to sustain an attachment for any amount. *Per Curiam:* As regards the amount not due, the affidavit is clearly defective. To attach for a debt not due, the creditor must swear that the debtor is about to remove his property out of the State before the debt becomes due. As to the amount due, the affidavit is defective for uncertainty. To attach in any case, the creditor must declare on oath the amount due to him. C. P. 240, 243. Stat. 7 April, 1826, section 7.

APPEAL from the District Court of Caddo, *Olcott*, J. *Terrell*, for the plaintiff. *Murray*, curator *ad hoc*, appellant, *pro se*. *Crain*, on the same side. The judgment of the court was pronounced by

SLIDELL, J. This suit was instituted by attachment, and there has been no personal service of citation. The attorney appointed to represent the absent defendant moved for a dissolution of the attachment, upon the ground of the insufficiency of the affidavit. The affidavit is that, "*Myers* is legally and justly indebted to the plaintiff in the sum of $578 40, for services rendered, and to be rendered, by deponent as clerk, a part due, and a part of said sum not due. And further, deponent says that he verily believes that said *W. L. Myers* has left the State of Louisiana, to reside permanently out of the State."

The affidavit gives no information as to what is due and what not due. So far as regards the amount not due, the affidavit is clearly defective. To attach for an unmatured indebtedness, it is indispensable that the creditor should swear that the debtor is about to remove his property out of the State before the debt will become due. As regards the amount of indebtedness due, the affidavit is defective, for uncertainty. To attach in any case, the creditor must declare on oath the amount due to him. Here the amount due is not stated. C. P. 240, 243. Act of 1826, p. 170. Attachment is a rigorous remedy, and the creditor who resorts to it must strictly observe the formalities prescribed. They have not been observed in the present case, and the attachment cannot be sustained for any amount whatever.

It is therefore decreed that the judgment of the court below be reversed, and that the attachment be dissolved, and the suit dismissed as in case of nonsuit; the appellee paying the costs in both courts.